**In re Christopher Allen RECORD, Debtor.**

**No. 06–00553–3F7.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

July 24, 2006.

T. Eileen Dolaghan, Esq., King & Dolaghan P.A., Jacksonville, FL, for Debtor.

Brad W. Hissing, Kass, Shuler, Solomon, Spector, Foyle & Singer, P.A., Tampa, FL, for DaimlerChrysler.

Valerie Hall Manuel, for trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This case is before the Court on DaimlerChrysler Financial Services Americas, L.L.C.'s, successor by merger to DaimlerChrysler Services North America, L.L.C., ("DaimlerChrysler") Motion to Set Aside Order Denying Motion to Confirm Termination of the Automatic Stay ("Motion"). A hearing was held on July 19, 2006 (the "Hearing"). Debtor and Debtor's counsel were not present at the Hearing. DaimlerChrysler presented legal argument in support of its Motion. The Court opted to take the matter under advisement.

### FINDINGS OF FACT

On December 23, 2003, Debtor entered into a Retail Installment Contract (the "Contract") with Courtesy Chrysler Jeep, for the purchase of a 2004 Chrysler Town & Country (the "Vehicle"). Under the Contract, Debtor granted a security interest in the Vehicle to Courtesy Chrysler Jeep. Courtesy Chrysler Jeep assigned all its rights, title, and interest in and to the Contract and the Vehicle without recourse to DaimlerChrysler, under the terms of the Assignment provision in the Contract. DaimlerChrysler's security interest is evidenced by the Certificate of Title issued by the Department of Motor Vehicles for the State of Florida.

On February 28, 2006, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. In conjunction with the voluntary petition, Debtor filed a Statement of Intentions indicating that Debtor was to "retain and pay" in regards to the Vehicle. Debtor did not specify that such Vehicle is claimed as exempt, that Debtor intended to redeem the Vehicle, nor that Debtor intended to reaffirm the

debt secured by the Vehicle pursuant to 11 U.S.C. § 521(a)(2)(A).

On March 30, 2006, the Chapter 7 Trustee held Debtor's first meeting of creditors. As of June 16, 2006, which is seventy-eight days from the first meeting of creditors, Debtor had not entered into a reaffirmation agreement with Daimler-Chrysler nor redeemed the Vehicle. The Vehicle was abandoned by the Chapter 7 Trustee on March 30, 2006, and the Vehicle is and has been in the possession of Debtor throughout the entire course of Debtor's Chapter 7 bankruptcy case.

On June 8, 2006, DaimlerChrysler filed a Motion to Confirm Termination of the Automatic Stay Pursuant to 11 U.S.C. § 362(j) ("Motion to Confirm"). On June 12, 2006, the Court entered an Order Denying Motion to Confirm Termination of Stay ("Order Denying Motion to Confirm"). According to the Order Denying Motion to Confirm, DaimlerChrysler failed to provide any authority under the Code for the entry of such an order. In addition, the Order Denying Motion to Confirm provides that the Court was unable to fine any Code provision permitting the entry of such an order. On July 12, 2006, Debtor received a discharge under § 727 of the Bankruptcy Code.

### CONCLUSIONS OF LAW

■ Section 521(a)(2)(A) of the Bankruptcy Code states that an individual debtor must file a statement of intention regarding property of the estate for secured debts within 30 days after filing bankruptcy, which must include the debtor's intention of surrendering, redeeming or reaffirming such property. Once the debtor has stated this intention, pursuant to § 521(a)(2)(B) the debtor must then perform his intention within 30 days of the § 341 meeting of the creditors. If the debtor fails to state his intention under § 521(a)(2)(A), or if the debtor fails to act under § 521(a)(2)(B), then the automatic stay imposed by § 362(a) is terminated pursuant to § 362(h)(1)(A) or § 362(h)(1)(B). The stay will not be terminated pursuant to this section, however, if the trustee filed a motion before the expiration of time, and the court determined after notice and hearing that such property is of consequential value or benefit to the estate.

■ In addition, § 362(h) provides that the automatic stay is terminated where debtor fails to either timely file the statement of intention, or fails to otherwise timely act on the statement of intention. Likewise, § 362(j) provides that if a party in interest so requests, the court shall issue an order confirming that there is no stay in effect under § 362(c). Finally, § 362(c)(1) states that the automatic stay continues until property is no longer property of the estate.

The Northern District of Florida recently entered an order granting a motion to confirm the termination or absence of stay pursuant to § 362(j). In *In re Brown*, No. 05–35011–LMK, 2006 Bankr.LEXIS 561, at *1, 2006 WL 871277, at *1 (Bankr. N.D.Fla. January 20, 2006), the creditor filed a motion to confirm that the automatic stay had been terminated under § 362(h)(1)(A), because the debtor failed to timely file a statement of intention required under § 521(a)(2)(A), thus terminating the automatic stay. In denying the debtor's motion for rehearing, the court noted that pursuant to § 362(j), when a party in interest makes a request for an order confirming termination of the automatic stay, "the court *shall* issue an order under subsection (c) confirming that the automatic stay has been terminated." *Id.* Thus, the court granted the creditor's motion under § 362(j).

The enactment of § 362(j) created a means by which a creditor could move a court to confirm the termination or absence of the automatic stay under § 362(c). Likewise, § 362(c)(1) provides that the automatic stay continues until the property is no longer property of the estate. Although § 362(c) contains provisions dealing with multiple filers, these provisions must be read to be mutually exclusive of each other. Otherwise, a debtor would be able to obtain additional time before the automatic stay would be deemed terminated, a result that Congress most likely did not intend.

█ In this case, Debtor obtained a discharge pursuant to § 727 of the Bankruptcy Code. He did not enter a reaffirmation agreement with DaimlerChrysler, nor did he redeem the Vehicle. As a result, the stay automatically terminated pursuant to § 362(h)(1)(A), before Debtor obtained his discharge. Therefore, the discharge has no bearing on the outcome of this case because the stay automatically terminated.

The Court conducted a thorough analysis of the applicable statutes, and after such review, the Court recedes from its previous decision. According to § 362(c)(1), the stay only continues as long as the property is property of the estate. Once the property is no longer property of the estate, as is the case when the stay terminates pursuant to § 362(h), a party in interest may move the Court for an order confirming that the stay is terminated under § 362(j). At that point, the party is free to seek any appropriate state court remedies.

█ In order to obtain relief requested pursuant to § 362(j), whether *ex parte* or not, the party must prove that all conditions are satisfied under § 362(h)(1)(A) or (B). To wit, the party will have to prove: 1) the specific date when time ran on the debtor's statement of intention, so that he could not have amended the ambiguity; 2) that the debtor did not, in fact, amend his statement of intention to more accurately reflect what he intended to do with the secured property; and 3) that the trustee did not, in fact, file a motion to determine that the property is of consequential value or benefit to the estate. The aforementioned information need not be certified.

## CONCLUSION

Thirty days after Debtor filed his voluntary petition, he failed to clarify on his Statement of Intentions whether he intended to reaffirm, redeem or surrender his collateral as specified in § 521(a)(2)(A). Therefore, thirty days after filing, the stay automatically terminated pursuant to § 362(h)(1)(A). Debtor's discharge has no bearing on the outcome of this case. DaimlerChrysler satisfactorily proved that Debtor did not fulfill his duties under § 521(a)(2)(A), and under its Motion, it is entitled to relief requested. The Court will enter a standard order confirming that the automatic stay has been terminated. An order in accordance with these findings of fact and conclusions of law will be separately entered.