## In re Mark WOLFE, Debtor.

### No. 06–31174.

United States Bankruptcy Court,
N.D. Ohio.

Aug. 30, 2006.

Kenneth W. Wenninger, Sylvania, OH, for Debtor.

Ericka S. Parker, Toledo, OH, for trustee.

## *DECISION AND ORDER*

RICHARD L. SPEER, Bankruptcy Judge.

No party having appeared at the Show Cause Hearing on Why the Notice of Termination of Automatic Stay by Operation of Law Should Not be Stricken from the Record Filed by Systems & Services Technologies, the Court hereby finds, for purposes of Bankruptcy Rules 9014 and 9052, that:

Said Notice appears to make findings that are solely within the Court's purview and, in fact, the Notice appears as if it had been generated by the Court itself. Such is not the case. For example, in the Notice it is set forth that:

> The Debtor failed to comply with Bankruptcy Code § 521(a)(2)(B), § 362(h)(1)(A) & (B), and/or § 521(a)(6). Therefore, the automatic stay under § 362(a) has terminated by operation of law.

(Doc. No. 15).

Going a step further, there is nothing to indicate that the heretofore cited Code sections have been violated. Of import, these sections, which address a debtor's duties with respect to performing his or her intention with encumbered property, prescribe minimum time periods which must pass before giving rise to a violation. Of these time periods, the earliest expires "30 days after the first date set for the

meeting of creditors under section 341(a)." § 521(a)(2)(B). The record in this case, however, shows that the meeting of creditors under § 341(a) was first set for July 14, 2006, but that the Creditor filed its notice of termination of stay just 10 days later, on July 24, 2006. (Doc. No. 5 & 15).

■ Finally, those Code sections relied upon by the Creditor for its notice, while setting forth the circumstances under which the automatic stay is terminated, do not specify the procedure by which such relief is to be obtained. The Creditor has also failed, itself, to cite to the Court to any authority authorizing the use of its notice to terminate the automatic stay. In the absence of such procedural guidance, motion practice would appear to be the better approach. *See* FED.R.BANKR.P. 9013 & 9014. In fact, while this controversy is not specifically before the Court, a fair reading of the Bankruptcy Code and Rules indicates that a motion must be filed to seek a determination that the stay has been terminated as provided in § 521(a)(2)(B), § 362(h)(1)(A) & (B), and/or § 521(a)(6).

First, § 362(j) provides: "On *request* of a party in interest, the court shall issue an *order* under subsection (c) confirming that the automatic stay has been terminated." (emphasis added). Under Bankruptcy Rule 9013 a "request for an order ... shall be made by written motion ...." *See In re Record,* 347 B.R. 450 (Bankr.M.D.Fla. 2006), holding that a creditor may use § 362(j) to seek a court order that the automatic stay has terminated in accordance with those sections cited to by the Creditor. *But see In re Ermi,* 2006 WL 2457144 (Bankr.N.D.Ohio 2006), a § 362(j) comfort order is limited by its terms to just those limited situations set forth in § 362(c).

Even to the extent that § 362(j) is not applicable, filing a notice to effectuate what, as explained *supra,* is a legal conclusion, is not a practice that can be condoned. In this way, while the Bankruptcy Code and Rules do envision that "notice" filed by a party may be sufficient to bind other parties to the action specified in the notice, its use is very limited. As explained in an analysis of the Bankruptcy Rules:

> Rules 6004 and 6007 provide for a procedure called a 'notice.' These two Rules provide that when a notice is given as provided in such Rules, and an objection is filed to the 'notice,' there must be a hearing before the Bankruptcy Judge and a ruling and an order by the Bankruptcy Judge. In the absence of an objection filed to such 'notice,' no hearing or order of the court is necessary or appropriate. The action prayed for in the 'notice' is automatically allowed by administrative operation without a hearing or an order of the court.

*(2006 Norton Quick Reference Bankruptcy Code and Rules,* at 359–360). As also noted later in this same analysis:

> The 'notice,' 'motion, 'claim,' 'application' and 'complaint' procedures apparently leaves bankruptcy practitioners ... unsteady in understandings of the procedural scheme of the Bankruptcy Rules. Whether the term 'application,' 'motion,' or 'notice' is applied to, or recited in, the document which initiates the proceeding in the case, or the resulting requirements of a rule, does not seem to matter to many lawyers practicing in the Bankruptcy Court.

*Id.* at 360.

It would thus strongly appear that when a determination is needed that the automatic stay has been terminated by the terms provided in § 521(a)(2)(B), § 362(h)(1)(A) & (B), and/or § 521(a)(6), a motion, not a notice, must be filed.

Accordingly, for all the reasons set forth herein, it is hereby

**ORDERED** that the "Notice of Termination of Automatic Stay by Operation of Law" filed by Systems & Services Technologies, Inc., as set forth in docket entry number 15, is hereby Stricken from the Record.